UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHAWN CLARKE SPOTTSWOOD,

    Plaintiff,

v.

PROSECUTOR, Both Capacities;
TURNKEY & HOMEWAY, Company;
ST. CROIX COUNTY WI, Officially;
JUDGE VLACK, Officially and
individually; and ST. CROIX COUNTY
POLICE, SHERIFF, CORRECTIONAL
OFFICERS, Both Capacities,

    Defendants.

Case No. 22-CV-1003 (ECT/JFD)

**REPORT AND RECOMMENDATION**

---

Not for the first time, Plaintiff Shawn Clarke Spottswood, a resident of Minnesota currently detained in Wisconsin because of pending criminal charges brought against him in that state, has filed a lawsuit in this District challenging the legality of the ongoing Wisconsin state-court criminal proceedings. The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

As this District has already explained to Mr. Spottswood, *see Spottswood v. Uhaul*, No. 22-CV-0800 (NEB/DTS), Dkt. No. 4 (D. Minn. Apr. 19, 2022), this District is not the proper venue for his litigation regarding his ongoing detention or criminal case. It is recommended that this matter be dismissed on that same basis.

Under 28 U.S.C. § 1391(b):

[a] civil action may be brought in —

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This case fits none of those criteria. Not even one of the Defendants named to this action is alleged by Mr. Spottswood to reside in Minnesota. None of the events at issue in the Complaint is alleged by Mr. Spottswood to have occurred in Minnesota. And there is nothing that prevented Mr. Spottswood from filing this lawsuit in the United States District Court for the Western District of Wisconsin, the judicial district in which each of the events at issue in the complaint are alleged to have occurred.

Mr. Spottswood nevertheless continues to initiate new litigation in this District regarding his Wisconsin criminal case on the grounds that he is a resident of Minnesota. But a Plaintiff's state of residency is immaterial to the inquiry under § 1391(b) regarding the proper venue for civil actions. *See, e.g.*, *Sutherlin v. Denver Car Service*, No. 16-CV-1737 (PJS/KMM), 2016 WL 4196818, at *1 (D. Minn. July 11, 2016) (noting that "a plaintiff's state of residence is largely irrelevant under § 1391(b)."). What matters under

§ 1391(b) is where the events at issue in a complaint occurred and where the defendants reside, not where a plaintiff resides.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This Court recommends dismissal of this action without prejudice, rather than transfer, for two reasons.

First, Mr. Spottswood has already challenged aspects of the legality of the ongoing criminal case in another lawsuit filed in this District, and that lawsuit has been recommended for transfer to the Western District of Wisconsin rather than dismissal. *See Spottswood v. Uhaul*, No. 22-CV-0800 (NEB/DTS), Dkt. No. 4 (D. Minn. Apr. 19, 2022). This Court is reluctant to recommend the transfer of yet another lawsuit filed wrongly in this District by Mr. Spottswood, especially as there appears to be substantial overlap regarding the claims presented in the earlier lawsuit.

Second, there is a substantial likelihood that, were this matter to be transferred to another venue, that court would be required to stay or dismiss the lawsuit under the *Younger*[1] abstention doctrine. "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding."

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971).

*Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010). All three elements of *Younger* appear to be met here. Mr. Spottswood's criminal prosecution remains ongoing in Wisconsin state court. That criminal prosecution implicates important state interests—indeed, criminal prosecutions are the original example of a state proceeding from which, under *Younger*, a federal court should abstain from interfering. And Mr. Spottswood's claims, which largely concern the legality of the conduct of the prosecutor and the judge in the state-court criminal case, can by all appearances be raised adequately within the criminal case itself, whether before the trial court or (if necessary) on direct appeal.

The Court need not determine conclusively whether *Younger* bars Mr. Spottswood from proceeding with his claims at this time. The important point for today is that this District plainly is not an appropriate venue for this litigation, *see* 28 U.S.C. § 1391(b), and that it is sufficiently dubious that *any* federal court could reach the merits of Mr. Spottswood's claims at this time. Thus, a transfer to another judicial district would not be, in this Court's estimation, in the interest of justice. Accordingly, dismissal without prejudice rather than transfer is recommended here. In any event, dismissal of this matter without prejudice will not preclude Mr. Spottswood from bringing this lawsuit anew at any time in another federal jurisdiction—though Mr. Spottswood is warned that, should he do so, that lawsuit will be governed by the Prison Litigation Reform Act ("PLRA"), including the provision of the PLRA requiring that Mr. Spottswood be made responsible for the entirety of the statutory filing fee. *See* 28 U.S.C. § 1915(b). Additionally, Mr. Spottswood should be aware that when a prisoner files three or more lawsuits in federal court that are dismissed for frivolity, maliciousness, or failure to state a claim on which relief may be

4

granted, they will be restricted from proceeding *in forma pauperis* in federal court thereafter. *See* 28 U.S.C. § 1915(g). Mr. Spottswood should therefore consider carefully before going forward with his claims for relief in another judicial district.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1406(a); and

2. Plaintiff Shawn Clarke Spottswood's application to proceed *in forma pauperis* [Dkt. No. 2] be **DENIED AS MOOT**.

Dated: May 20, 2022                     *s/ John F. Docherty*
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).